UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYTHAM YOUSIF,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MCLAREN AUTOMOTIVE, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 23-cv-0761-BAS-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>**(ECF No. 26)** |

Pending before the Court is Defendant McLaren Automotive Inc.'s ("McLaren") motion for summary judgment. (ECF No. 26.) Plaintiff Haytham Yousif Sr. opposes. (ECF No. 28.) The Court finds Defendant's motion suitable for determination on the papers submitted, without oral argument. Civ. L.R. 7.1(d)(i). For the reasons herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment. (ECF No. 26.)

**I.    BACKGROUND**

Plaintiff leased a new 2022 McLaren GT Coupe for his son Haytham Yousif Jr. from O'Gara Coach Company San Diego, LLC on October 27, 2022. Plaintiff signed a 36-

month lease with his total payments equaling $117,425.10. Defendant issued a three-year limited warranty for the vehicle beginning on that date. (ECF No. 29-1 at 2.)

Plaintiff's son soon began having issues with the vehicle. On November 30, 2022, Plaintiff's son presented the car to the O'Gara Coach dealership complaining of a loud metal noise coming from the rear of the vehicle on a cold start. (ECF No. 26-1 at 3.) Defendant's technician found screws and washers were missing and that the rear subframe bolts were loose. Defendant replaced the missing components and addressed the concerns with no cost to Plaintiff. This repair lasted eight days. Around February 7, 2023, Plaintiff's son again brought the vehicle in for repairs because the vehicle purportedly failed to start due to the battery dying after sitting for five days. (*Id.* at 4.) Defendant's technician conducted testing but could not duplicate the issue. Defendant did not do any work to fix the purported defect but did notice the seat control modules were not responding and replaced them. (*Id.*) This repair lasted eighteen days. On March 17, 2023, Plaintiff's son again brought the vehicle in for repairs. He complained of the same loud noise coming from the rear of the vehicle on cold starts, the top seal lifting, and a loud noise when braking. (ECF No. 26-1 at 4.) Defendant's technician claims the noise when starting was due to an improperly installed license plate mounting bracket. He fixed the mounting plate and also fixed the lifting roof seal. The technician also found the braking noise was not unusual for the type of car. (*Id.* at 5.) This repair lasted thirteen days. It is disputed whether these repairs corrected the purported issues with the vehicle.

On March 23, 2023, Plaintiff filed suit in the Superior Court of California alleging violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), California Civil Code §§ 1790, *et seq.* (ECF No. 1-2.) On April 26, 2023, Defendant removed the case to this Court under 28 U.S.C. § 1441(b). (ECF No. 1.) Defendant now moves for summary judgment on Plaintiff's claims. (ECF No. 26.)

## II.   LEGAL STANDARD

Summary judgment is proper on "each claim or defense" "or the part of each claim or defense" when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law, and a dispute is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When resolving a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court does not make credibility determinations or weigh conflicting evidence. *See Anderson*, 477 U.S. at 255. The court's role at summary judgment "is to isolate and dispose of factually unsupported claims" so that they are "prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 327 (1986). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy its burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322–23. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–60 (1970).

If the moving party meets its burden, the nonmoving party must go beyond the pleadings and, by its own evidence or by citing appropriate materials in the record, show by sufficient evidence that there is a genuine dispute for trial. *Celotex Corp.*, 477 U.S. at 324. The party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . [w]here the record as a whole could not lead a rational trier of fact

to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). A "scintilla of evidence" in support of the nonmoving party's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252. *See also Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

**III.   ANALYSIS**

    **A.     California Civil Code § 1793.2(d)**

Defendant moves for summary judgment on Plaintiff's violation of express warranty claim under California Civil Code § 17932.2(d) because no issues with the vehicle required more than one repair attempt. (ECF No. 26-1 at 6.) Defendant contends under the Song-Beverly Act, plaintiffs can only recover if a particular nonconformity was unable to be repaired after multiple attempts. Plaintiff argues the statutory provision allows for recovery if a defendant is unable to repair a vehicle, not just a particular issue, after multiple repair attempts. (ECF No. 28 at 9.)

California Civil Code § 1793.2(d)(2) provides: "If the manufacturer or its representative in this state is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle" or make restitution. Cal. Civ. Code § 1793.2. The question before the Court is whether a plaintiff must present the same nonconformity for repair multiple times or whether a plaintiff need only present the same vehicle for repair multiple times. Neither the Supreme Court of California nor the Ninth Circuit have squarely addressed this question. Federal district courts within the Ninth Circuit disagree as to this question. *Compare Truehaft v. Mercedes-Benz USA, LLC*, No. 22-0-CV-11155-SVW-GJS, 2021 WL 2864877, at *3 (C.D. Cal. July 6, 2021) *with Arakelian v. Mercedes-Benz USA, LLC*, No. CV-18-09420-DSF-FMX, 2020 WL 1969255, at *1 (C.D. Cal. Feb. 25, 2020).

- 4 -

23cv0761

In statutory interpretation, the starting point is the statutory text. *See Sanders v. Cnty. of Ventura*, 87 F.4th 434, 439 (9th Cir. 2023) (quoting *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1265 (9th Cir. 2021)). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979) (citing *Burns v. Alcala*, 420 U.S. 575, 580–81 (1975)). A court interprets a statute "to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (citation omitted). This process of statutory interpretation proceeds "with reference to the statutory context, 'structure, history, and purpose' . . . not to mention common sense.'" *Abramski v. United States*, 573 U.S. 169, 179 (2014) (quoting *Maracich v. Spears*, 570 U.S. 48, 76 (2013)).

Looking to the text of California Civil Code § 1793.2(d)(2), the object of the phrase "is unable to service or repair" is a "new motor vehicle." By its plain meaning, manufacturers then have an obligation to repair the "new motor vehicle." This requirement persists for a "reasonable number of attempts." As follows, manufacturers have an obligation to repair the "new motor vehicle" "for a reasonable number of attempts." Based on the plain meaning, contrary to Defendant's interpretation of the text, manufacturers have an obligation to repair a vehicle, not a particular issue on that vehicle, for a reasonable number of attempts.

This reading is affirmed by the omitted-case canon of statutory of interpretation. Under this canon of interpretation, nothing is to be added to what the text states or reasonably implies. *See Connell v. Lima Corporate*, 988 F.3d 1089, 1107–08 (9th Cir. 2021) (citations omitted). Defendant would have the Court read "the issue" after the phrase "reasonable attempts to repair." The statutory text, however, does not contain the words "issue" or "part." Rather, the text reasonably implies that manufacturers' obligation for repair extends to the whole vehicle.

Further, the structure of the provision at issue supports Plaintiff's reading of the statute. Where the manufacturer is unable to meet its responsibilities of repair under the statute, the "manufacturer shall either promptly replace the new motor vehicle" or make

restitution. The replacement section notes "the manufacturer shall replace the buyer's vehicle with a new motor vehicle substantially identical to the vehicle replaced" and that the manufacturer must pay for the associated registration, license, and tax fees associated with the replacement vehicle. Cal. Civ. Code § 1793.2(d)(2)(A). There would be a conflict within the statute if a "new motor vehicle" in the context of the repair obligation meant a particular issue with the vehicle when the same phrase is used to describe an entire vehicle in another section. *See Padash v. INS,* 358 F.3d 1161, 1170–71 (9th Cir. 2004) (noting courts "must make every effort not to interpret the provision at issue in a manner that renders other provisions of the same statute inconsistent") (internal quotation marks omitted)).

This interpretation comports with the purpose and policy behind the statute. California courts have stated the statute is a "remedial measure intended for protection of consumers and should be given a [broad] construction." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 800–01 (2006). Defendant's interpretation would conflict with the stated purpose of the statute to protect consumers. Moreover, Defendant's reading could result in perverse outcomes. Under Defendant's reading, a manufacturer would only be liable if a single defect could not be repaired after a reasonable number of attempts. Hypothetically, a manufacturer could produce a car riddled with defects that were each capable of being repaired. A purchaser would have no recourse under the statute for this vehicle even if she were forced to bring in this vehicle for repairs over and over again, so long as each individual repair could be made after only a reasonable number of attempts. This possibility does not square with the purpose and goals of the statute.

Under this reading of the statute, summary judgment is inappropriate. Plaintiff presented the vehicle for repairs on at least three occasions. (ECF No. 28 at 13–14.) It is disputed whether this is a reasonable number of attempts to repair the vehicle. Moreover, even accepting Defendant's interpretation of this provision, there are still genuine disputes of material fact. First, it is disputed whether the same issue arose on more than one

occasion. Defendant's technician claims the loud noise when starting was due to an improperly installed license plate frame; Plaintiff disagrees. (ECF No. 26-1 at 5; ECF No. 28 at 7.) Second, it is disputed whether the issue was actually repaired. Third, it is disputed whether this repair required more than a reasonable number of repair attempts as Plaintiff brought the car in on three separate occasions.

Accordingly, summary adjudication of Plaintiff's violation of express warranty claim under California Civil Code § 1793.2(d) is inappropriate.

**B.     California Civil Code § 1793.2(b)**

Defendant argues summary judgment should be granted on Plaintiff's claim under California Civil Code § 1793.2(b) because, while Plaintiff's vehicle was cumulatively in the shop longer than thirty days, no single repair lasted longer than thirty days. (ECF No. 26-1 at 10–11.) Plaintiff argues the thirty-day limit for repairs runs cumulatively, and Defendant has yet to repair the nonconformities at issue. (ECF No. 28 at 20–21.)

California Civil Code § 1793.2(b) provides:

> Where those service and repair facilities are maintained in this state and service or repair of the goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative in this state. Unless the buyer agrees in writing to the contrary, the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

Cal. Civ. Code § 1793.2. The California Court of Appeal expressly declined to decide whether the thirty-day clock runs cumulatively or for a single repair. *See Ramos v. Mercedes-Benz USA, LLC*, 55 Cal. App. 5th 220, 226 n.2 (2020) ("We have not been asked to decide whether the 30 days of failure to complete repairs must be 30 consecutive days. For purposes of this appeal, we assume plaintiff proved the 30-day failure to repair requirement without deciding the question."). In an unpublished opinion, the Ninth Circuit found "under any reasonable reading of the statute, § 1793.2(b) requires only that [a manufacturer] complete any *single* repair attempt within 30 days." *Shick v. BMW of N.*

*Am.*, 801 Fed. App'x. 519, 521 (9th Cir. 2020). Nearly all federal district courts, in assessing this question, have found the thirty-day requirement runs for a single repair. *See Brooks v. Mercedes-Benz USA, LLC*, No. 23-CV-01214-BEN-BLM, 2023 WL 7117951, at *2 (S.D. Cal. Oct. 27, 2023) (collecting cases).

The Court finds the Ninth Circuit and other district courts persuasive that California Civil Code § 1793.2(b) only applies to a single repair lasting longer than thirty days. The language of the statute supports these courts' holdings. Under the statute, "service and repair" must be commenced within a "reasonable time." Because "service and repair" are not plural, the text implies the statute contemplates a single instance of "service and repair." Under the harmonious-reading canon, the thirty-day timer would then apply to a single instance of "service and repair." *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 ("A court must therefore interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole.") (citations and internal quotations omitted).

None of the repair attempts to Plaintiff's vehicle exceeded thirty days. (ECF No. 26-1 at 3–5.) Plaintiff contends the nonconformities have not been repaired such that the thirty-day clock has expired. However, no single instance of repair exceeded thirty days, as required under the statute, and the clock has stopped because Plaintiff has possession of the vehicle. *Cf. Houston v. Country Coach, Inc.*, No. C-07-00859-HRL, 2008 WL 2783485, at *9 (N.D. Cal. July 17, 2008) (noting the plaintiff "frequently retook possession of the coach," which is a factor "beyond defendant's control" extending the thirty-day limit).

Accordingly, Defendant's motion for summary judgment is granted with respect to Plaintiff's claims under California Civil Code § 1793.2(b).

### C.     California Civil Code § 1792

Defendant argues the Song-Beverly Act imposes obligations under an implied warranty of merchantability only on manufacturers and retail sellers. Defendant contends it is a distributor, and neither a manufacturer nor seller, such that summary judgment on

Plaintiff's implied warranty claims is appropriate. (ECF No. 26-1 at 11–12.) Plaintiff contends the statute is not so restrictive and urges Defendant should be considered a retail seller because it "partnered with a dealership to sell New Motor Vehicles directly to the public by offering an express warranty as part of the sales package, which is a crucial incentive for buyers." (ECF No. 28 at 22–23.)

Under California Civil Code § 1792, "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. This imposes certain guarantees about the fitness and use of the goods. "Retail seller," for the purposes of this statute, is defined as "any individual, partnership, corporation, association, or other legal relationship that engages in the business of selling or leasing consumer goods to retail buyers." Cal. Civ. Code § 1791. "Manufacturer" means "any individual, partnership, corporation, association, or other legal relationship that manufactures, assembles, or produces consumer goods." *Id.* In contrast, a "distributor" is defined as "any individual, partnership, corporation, association, or other legal relationship that stands between the manufacturer and the retail seller in purchases, consignments, or contracts for sale of consumer goods." *Id.*

Neither California courts nor the Ninth Circuit have addressed whether distributors have obligations for an implied warranty of merchantability under the Song-Beverly Act. Looking to the plain text of the statute, however, the obligation only extends to manufacturers and retail sellers. Plaintiff would have the Court read "distributors" into the text, but the omitted-case canon cautions against doing so. Additionally, when it wants to, the California legislature explicitly applies other warranties to distributors in addition to retail sellers or manufacturers. *See, e.g.*, Cal. Civ. Code § 1795.5 (extending implied warranty obligations for used consumer goods to distributors). Accordingly, California Civil Code § 1792 appears limited to only retail sellers and manufacturers.

Plaintiff has failed to present evidence Defendant is either a retail seller or manufacturer. Defendant freely admits it is a distributor of motor vehicles.[1] In its Answer to Plaintiff's Complaint, Defendant "admits that [Defendant] is a distributor of McLaren vehicles." (ECF No. 4 at ¶ 4.) And the parties' joint statement of undisputed material facts notes Defendant "is the distributor of the Subject Vehicle." (ECF No. 29-1 at ¶ 12.) Plaintiff alleges in his Complaint that "Defendant manufactures, assembles, or produces new motor vehicles and/or consumer goods" and "Defendant is a 'manufacturer' under the Act." (ECF No. 1-2 at ¶ 6.) However, he fails to identify any evidence that Defendant is more than a distributor. Defendant is not the retail seller because Plaintiff leased the vehicle from O'Gara Coach Company San Diego, LLC. (ECF No. 29-1 at ¶ 1.) And Plaintiff fails to provide any evidence Defendant manufactured the vehicle.

Plaintiff contends McLaren "provided an express warranty to Yousif and in turn has the same obligations as the manufacturer" and that this express warranty was a crucial incentive for consumers. (ECF No. 28 at 23.) Providing an express warranty, however, is insufficient to assert a defendant stepped into the role of a manufacturer. *Cf. Chiulli v. Am. Honda Motor Co.*, 690 F. Supp. 3d 1038, 1055 (N.D. Cal. 2023) (noting a manufacturer does not become a distributor merely by authorized dealerships selling its cars); *Kuyawa v. Mercedes-Benz USA, LLC*, No. 23-CV-06712-WHO, 2024 WL 950164, at *7 (N.D. Cal. Mar. 5, 2024) (holding extension of an express warranty does not mean the manufacturer stepped into the role of a retailer).

---

[1] In support of its motion for summary judgment, Defendant requests the Court take judicial notice of its Statement of Information with the California Secretary of State that lists the type of business for Defendant as "AUTOMOTIVE DISTRIBUTION." (ECF No. 27.) Judicial notice "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute,'" meaning the fact is "'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). For example, a court can take notice of a routine corporate filing with the Securities and Exchange Commission. *Id.* The type of business listed on Defendant's registration with the state of California is not subject to reasonable dispute. Accordingly, the Court takes note of this fact. This fact lends evidence to Defendant's argument; however, it is by no means dispositive.

A party must be a retail seller or manufacturer to be liable for breach of implied warranty of merchantability under California Civil Code § 1792. Plaintiff has failed to meet its burden of showing Defendant is either. Summary judgment is therefore appropriate on Plaintiff's breach of implied warranty of merchantability claim. As such, the Court need not reach Defendant's additional arguments regarding the merchantability of the vehicle.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment. The Court grants Defendant's motion for summary judgment with respect to Plaintiff's claim for breach of express warranty under California Civil Code § 1793.2(b) and with respect to Plaintiff's claim for breach of implied warranty of merchantability under California Civil Code § 1792. This does not, however, dispose of this case. Plaintiff maintains his claim for breach of express warranty under California Civil Code § 1793.2(d).

The Court orders the parties to contact the Magistrate Judge's chambers within fourteen days of today's date to coordinate new trial and pretrial conference dates.

**IT IS SO ORDERED.**

**DATED: August 13, 2024**

Hon. Cynthia Bashant
United States District Judge