# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYTHAM YOUSIF,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 23-cv-00761-BAS-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MCLAREN'S MOTIONS TO QUASH AND FOR SANCTIONS**<br><br>**(ECF Nos. 91, 93)** |

　　　Presently before the Court are two motions filed by Defendant McLaren Automotive, Inc. ("McLaren"): (1) a Motion to Quash Plaintiff Haytham Yousif Sr.'s Trial Subpoena to O'Gara Coach Company San Diego, LLC ("O'Gara"), an authorized retailer of McLaren vehicles (ECF No. 93); and (2) a Motion to Quash Plaintiff's Trial Subpoena to JPMorgan Chase Bank, National Association ("JPMorgan") (ECF No. 91).

　　　According to Defendant's counsel, on March 27, 2025, Plaintiff served a subpoena on non-party O'Gara, seeking production of documents related to the service, communications, and policies and procedures concerning the 2022 McLaren GT Coupe ("Subject Vehicle"). (ECF No. 93 at 1:3–16; ECF No. 93-1 ¶ 2.) The following day, Plaintiff issued a second subpoena to non-party JPMorgan, seeking financial documents

related to the lease of the Subject Vehicle. (ECF No. 91 at 1:3–8; ECF No. 91-1 ¶ 2.) Plaintiff served both subpoenas well after the February 14, 2024 deadline for the close of fact discovery set forth in the Court's July 17, 2023 Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Scheduling Order"). (ECF No. 12.) Defendant McLaren timely objected to both subpoenas and now moves to quash, seeking sanctions against Plaintiff and an award of attorneys' fees.

For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions to Quash. (ECF Nos. 91, 93.)

## I.  LEGAL STANDARD

Federal Rules of Civil Procedure 26 and 45 govern discovery from non-parties by subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both rules to a motion to quash). Rule 45(d)(3)(A) requires a court to quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Although Rule 45 is the primary rule governing subpoenas, "subpoenas under Rule 45 are discovery [under Rule 26], and must be utilized within the time period permitted for discovery in a case." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999).

## II.  ANALYSIS

The Court's Scheduling Order required that "all fact discovery be completed by all parties by **February 14, 2024**[,] . . . and discovery subpoenas under Rule 45[] must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date." (ECF No. 12 ¶ 5) (emphasis in original). Plaintiff waited more than a year after that deadline—and barely a month before the April 28, 2025 trial date—to issue the challenged subpoenas on March 27, 2025, and March 28, 2025. (ECF No. 93 at 1:3–16; ECF No. 91 at 1:3–8.) Courts in this circuit treat subpoenas seeking

documents and issued after the discovery deadline as an "improper use of discovery devices" and routinely quash them absent leave of court or a showing of good cause, neither of which is present here. *See Integra Lifesciences I, Ltd.*, 190 F.R.D. at 561–62. Accordingly, the subpoenas violate the Scheduling Order's permitted time period for discovery and are therefore improper.

Nevertheless, although sanctions—including attorney's fees and costs—may be imposed for improper subpoenas, such relief remains discretionary. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *see also Telluride Mgm't Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 465 (9th Cir. 1995). Furthermore, the Court declines to impose sanctions on Plaintiff or to award attorneys' fees to Defendant McLaren for preparing motions in response to the untimely subpoenas, as Plaintiff has not received notice from the Court or an opportunity to be heard. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999). Accordingly, sanctions are not warranted at this time.

### III. CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant McLaren's motions to quash Plaintiff's trial subpoenas to JPMorgan (ECF No. 91) and to O'Gara (ECF No. 93). The subpoenas are **QUASHED** in full as to the evidence sought or obtained. Plaintiff may not, at trial or in any hearing or motion, introduce any documents, testimony, or other evidence obtained—or sought to be obtained—through the quashed subpoenas. The parties are reminded that, at trial, they will be limited to witnesses and exhibits identified in the Final Pretrial Order. (ECF No. 47.)

Furthermore, to the extent Defendant's motions also request sanctions, including attorneys' fees and costs, that relief is **DENIED WITHOUT PREJUDICE**. Plaintiff is further **ORDERED** to promptly serve a copy of this Order on JPMorgan and O'Gara.

**IT IS SO ORDERED.**

**DATED: April 18, 2025**

*[signature: Cynthia Bashant]*

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**